IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIRK A. PERKINS,** : | **CIVIL NO. 1:CV-08-0212** |
| **Plaintiff,** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **CHARLES A. STASKIEWICZ,** : | |
| **Defendant.** : | |

## **M E M O R A N D U M**

Plaintiff Kirk A. Perkins initiated this civil rights action against Defendant Charles Staskiewicz, but failed to serve him with a copy of the summons and complaint within 120 days, as required by Federal Rule of Civil Procedure 4(c)(1) and (4)(m). Before the court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and service of process, and 12(b)(6) for failure to state a claim. (Doc. 4.) For the reasons that follow, the motion will be granted.

**I.      Background**

Plaintiff's complaint contains the following allegations, which are taken as true for the purpose of this motion to dismiss. Plaintiff is a Pennsylvania State Trooper. (Doc. 1 ¶ 5.) In 2004, an attorney filed a complaint against Plaintiff with the Pennsylvania State Police, alleging that Plaintiff falsified documents. (*Id.* ¶ 6.) The Pennsylvania State Police Internal Affairs Division assigned Defendant to investigate. (*Id.* ¶ 7.) On February 8, 2006, Plaintiff was charged with forgery and tampering with records, and arrested. (*Id.* ¶ 7.) Later, the forgery charge was withdrawn, and Defendant allegedly acknowledged in an affidavit that the investigation was flawed and there was no probable cause for the arrest. (*Id.* ¶¶

9–10.)  As a result of the charges and the arrest, Plaintiff suffered emotional distress, was suspended from his job without pay, incurred attorneys's fees, and his reputation was damaged as a result of media coverage.  (*Id.* ¶¶ 11–17.)  Plaintiff seeks compensatory and punitive damages, and attorney's fees.  (*Id.* ¶ 21.)

On February 1, 2008, Plaintiff initiated the instant suit by filing a complaint against Defendant pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments arising out of the investigation and arrest.  (Doc. 1.)  The complaint also includes state law claims for false arrest, malicious prosecution, abuse of process, defamation, and intentional infliction of emotional distress.  A summons was issued on February 4, 2008.

Plaintiff attempted to effectuate personal service of the complaint by hand delivery on June 10, 2008, 130 days after the complaint was filed.  On June 25, 2008, Defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(4)–(6), arguing that there was improper process and service of process, and the complaint failed to state a claim.  (Doc. 4.)  A brief in support thereof was filed the same day.  (Doc. 5.)  Plaintiff filed a brief in opposition on July 14, 2008, (Doc. 14), and a reply brief was filed by Defendant on July 22, 2008, (Doc. 8).  Accordingly, the motion is ripe for disposition.

**II.**      **Discussion**

Defendant argues that all claims against him should be dismissed for improper service pursuant to Rule 12(b)(4) and (5) because Plaintiff failed to

2

properly serve him within 120 days of filing his complaint, as required by Fed. R. Civ. P. R. 4(m).[1]

Under the Federal Rules of Civil Procedure, a plaintiff must serve the summons and complaint upon a defendant within 120 days of filing the complaint. Fed. R. Civ. P. 4(c). Federal Rule of Civil Procedure 4(m) provides that,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;

Fed. R. Civ. P. 4(m). Accordingly, where a plaintiff has shown good cause for failure to serve a defendant within the required time, a court must extend the time for service of process for an appropriate time. Fed. R. Civ. P. 4(m). However, where there has been no good cause for the delay, the court may dismiss the complaint without prejudice, or choose to extend the deadline for service. Fed. R. Civ. P. 4(m); *see also Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

The test for good cause requires "at least as much as would be required to show excusable neglect." *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988). Excusable neglect may be demonstrated by a plaintiff's good faith and reasonable basis for failure to serve within the required time period. *Petrucelli*, 46 F.3d at 1097. In determining whether there was excusable neglect, relevant factors include:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure,

---

[1] Additionally, Defendant argues that Plaintiff's claims should be dismissed pursuant to 12(b)(6) for failure to state a claim upon which relief may be granted. The court does not reach that issue.

>       2) whether an asserted inadvertence reflects an easily
>       manufactured excuse incapable of verification by the court,
>       3) counsel's failure to provide for a readily foreseeable
>       consequence, 4) a complete lack of diligence or 5) whether
>       the inadvertence resulted despite counsel's substantial
>       good faith efforts towards compliance.

*Dominic*, 841 F.2d at 517.

### A.     There Was No Good Cause for Delay in Service

Here, the complaint was filed on Friday, February 1, 2008. Accordingly, Plaintiff had until Monday, June 2, 2008 to serve Defendant with the summons and complaint.[2]  However, service was not attempted until June 10, 2008—130 days after the complaint was filed.

In an exceedingly short opposition brief, which was unaccompanied by any affidavit or exhibit and which cites no authority, Plaintiff argues that he had good cause for the delay.  Plaintiff's counsel states that on June 2, 2008, he contacted the Lebanon County Sheriff's Office to ascertain whether that office could effectuate service by June 3, 2008, which he mistakenly believed to be the deadline for service.  After the sheriff indicated that Defendant could be served by June 3, Plaintiff's counsel sent the summons and complaint to the sheriff via Federal Express, and thereafter "repeatedly called the Lebanon County Sheriff's Office to ascertain the date of service with no response." (Doc. 7 at 1-2.)  Plaintiff's counsel alleges that he did not receive a return of service until June 23, 2008.  According to Plaintiff, "the delay was beyond the Plaintiff's control and without the Plaintiff's knowledge until it was too late to request an extension of time." (*Id.* at 2.)

These circumstances do not constitute good cause for Plaintiff's failure to serve Defendant within 120 days.  Two of the five *Dominic* factors—the first

---

[2] Because May 31, 2008, the 120th day, fell on a weekend, it is excluded for the purpose of computing the time for service.  *See* Fed. R. Civ. P. 6(a).  Accordingly, service of the summons and complaint was due on Monday, June 2, 2008.

4

(whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure) and the third (counsel's failure to provide for a readily foreseeable consequence)—are particularly relevant here.

   First, Plaintiff's counsel miscalculated the time permitted for service of process. In his opposition brief, Plaintiff states that the complaint was actually filed on Monday, February 4, 2008, rather than February 1, 2008. However, he provides no support for that conclusion. The complaint itself is dated February 1. More important, according to the docket the complaint was filed electronically at 5:23 p.m. on February 1, 2008. Because the complaint was received after the close of business on February 1, it was not docketed by the Clerk of Court until the following Monday, February 4. Nevertheless, the filing date remains the same—February 1, 2008. Accordingly, the delay was caused at least in part by Plaintiff's counsel's failure to properly calculate the time available for service of the summons and complaint (though the court notes that service was not even attempted until seven days after this late date).

   Second, Plaintiff failed to provide for a readily foreseeable consequence. Plaintiff's counsel chose to wait until the last minute and then place the important responsibility of service of process in the hands of two different third parties—Federal Express and the Lebanon County Sheriff's Office—and now claims that the delay in service was "beyond the Plaintiff's control." (Doc. 7 at 2.) To the contrary, Plaintiff had numerous options available to him to ensure timely service. The most obvious and safest course of action would have been to attempt service soon after the summons was issued on February 4, 2008. Plaintiff's counsel offers no explanation for why he waited over four months before beginning to explore his options for effectuating service. There is no indication that Defendant was difficult to find, or that he attempted to evade service. Both Plaintiff and Defendant are

5

employed with the Pennsylvania State Police, and both parties apparently live and work near Harrisburg, where Plaintiff's counsel keeps his office. If Plaintiff's counsel had started the process earlier, he could have sought a waiver of summons and process, and avoided the trouble and expense of personal service. Instead, Plaintiff's counsel chose to wait until the last possible moment to attempt service, and then placed this heavy responsibility in the hands of two third parties, Federal Express and the Lebanon County Sheriff's Office.

Moreover, as the deadline fast approached, it appears that Plaintiff's counsel took no additional precautions to ensure that the documents would be timely served. Plaintiff does not provide a reason for the delay, but it was entirely foreseeable that the sheriff would be unable to timely effect service in less than a day, even assuming that the summons and complaint arrived the day after Plaintiff's counsel sent them via Federal Express. Furthermore, once the deadline had passed and the sheriff failed to respond to his inquiries regarding the status of service, Plaintiff could have hired a private process server or personally effectuated service. If all of these efforts failed, as a last resort, Plaintiff could have requested an enlargement of time to serve process. Instead, having placed this responsibility in the hands of third parties, Plaintiff failed to monitor their efforts to ensure that service was properly effectuated.

In short, the efforts of Plaintiff's counsel were too little and came too late. There was no good cause for Plaintiff's failure to effect timely service.

### B.   The Court Will Not Exercise Its Discretion to Extend Time

Even where a plaintiff has not shown good cause for delay in service, a court may exercise its discretion and extend the deadline for service. Fed. R. Civ. P. 4(m). The Advisory Committee note to Rule 4(m) explains that the expiration of the limitations period is one circumstance that may justify an extension of time for

filing. *See* Fed. R. Civ. P. 4(m) advisory committee note (1993).  However, a court is not required to extend the time for service every time that the statute of limitations has run, because this would defeat the very purpose of the limitations period.  *See Petrucelli*, 46 F.3d at 1306, n.7 ("[H]olding that good cause exists any time the statute of limitations has run would effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose."); *accord Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996).

Defendant argues, and Plaintiff concedes, that the statute of limitations would bar refiling of the claims against Defendant.  For this reason, Plaintiff claims he would be prejudiced if the court does not extend the deadline for service, and he argues that there is no prejudice to Defendant because the complaint was "only" ten days late.  However, Defendant argues that he would be prejudiced if the deadline were extended, given Plaintiff's lengthy delay in filing the suit in the first case.

Throughout this litigation, Plaintiff's counsel has taken a cavalier attitude towards the deadlines in this case.  Having initiated this lawsuit at the eleventh hour, he then chose to wait until the last minute to serve the complaint and summons, and predictably, service was effectuated ten days late.  The court is not unsympathetic to the harsh result of dismissing this action—Plaintiff will be unable to have his claims adjudicated on their merits—but the expiration of a limitations period alone is not sufficient to warrant an extension of time.  The court will not excuse the dilatory conduct of Plaintiff's counsel.  Accordingly, this case will be dismissed without prejudice[3] pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

---

[3] Defendant urges this court to dismiss Plaintiff's complaint with prejudice because the limitations period has expired, but the plain language of Fed. R. Civ. P. 4(m) mandates dismissal without prejudice.

     Because the complaint is dismissed without prejudice, it is unnecessary to address Defendant's arguments regarding the sufficiency of the complaint.

**III.**     **Conclusion**

     For the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5) will be granted and Plaintiff's complaint will be dismissed without prejudice. An appropriate order will issue.

                                 s/Sylvia H. Rambo
                                 SYLVIA H. RAMBO
                                 United States District Judge

Dated: August 28, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIRK A. PERKINS,** : | **CIVIL NO. 1:CV-08-0212** |
| **Plaintiff,** : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **CHARLES A. STASKIEWICZ,** : | |
| **Defendant.** : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) All claims against Defendant are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

(2) The Clerk of Court is directed to close this file.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: August 28, 2008.